IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CRISTIAN SOLER QUESADA,** | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-495-KC |
| **WARDEN OF ERO EL PASO CAMP EAST MONTANA et al.,** | § § § § | |
| Respondents. | § § | |

## SHOW CAUSE ORDER

On this day, the Court considered Cristian Soler Quesada's Petition for a Writ of Habeas Corpus, ECF No. 1, and Motion for Temporary Restraining Order ("Motion"), ECF No. 2. Soler Quesada is held in immigration detention at the ERO El Paso Camp East Montana facility in El Paso, Texas. Pet. ¶¶ 2, 7, 23. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 27–41; *id.* at 9–10.

Soler Quesada appears to have been in the country for some time and was apprehended and detained by immigration authorities for the first time on August 17, 2025. *Id.* ¶¶ 22–24. As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation. *See, e.g.*, *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025). Of course, Respondents are nevertheless permitted to state their position before a ruling. In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected. Absent new authority, they may assume that the Court's position on the law has not changed and explain whether the facts of Soler Quesada's case warrant a different outcome.

Separately, the Court's records reflect that Soler Quesada's attorney is not admitted to practice in the Western District.[1] Nor has he moved to appear pro hac vice. He must do so promptly or else be removed from the case.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than February 27, 2026**</u>, why the application for a writ of habeas corpus should not be granted. *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025). The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED** that Soler Quesada's Motion, ECF No. 2, is **DENIED**, but, the Court **ORDERS**, under its inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Soler Quesada from the United States, or (2) transfer Soler Quesada to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel. *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**IT IS FURTHER ORDERED** that Soler Quesada's attorney, Greg Chonillo, must **FILE** a motion to appear pro hac vice and pay the pro hac vice fee, in compliance with the Local Rules, <u>**no later than February 25, 2026**</u>. Mr. Chonillo is **CAUTIONED** that failure to comply

---

[1] *See* Pro Hac Vice Letter to Greg Chonillo, Esq., No. 3:26-cv-394-KC (W.D. Tex. Feb. 19, 2026), ECF No. 5.

2

3

will result in his removal from the case.  **The Court will accept no further filings from Mr. Chonillo until he is admitted pro hac vice.**

The Clerk of Court shall transmit this Order to Mr. Chonillo via regular mail and electronic mail, at the addresses in his Notice of Appearance, ECF No. 3.

**SO ORDERED**.

**SIGNED this 20th day of February, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE